IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

KURT M. BLUE, SR.                                                                                       PLAINTIFF

vs.                                            Civil No. 2:08-cv-2061

MICHAEL J. ASTRUE,                                                                                 DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

On September 9, 2008, Defendant filed a Motion to Remand. (Doc. No. 7).[1] Plaintiff has not responded to this motion. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 9). Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

Defendant requests a remand so the Commissioner may conduct further administrative proceedings. On March 20, 2008, the Administrative Law Judge (ALJ) found Plaintiff was not disabled because he could perform work existing in significant numbers in the national economy, specifically, the job of a cashier. (Tr. 75, Finding 10). The Dictionary of Occupational Titles (DOT) description of the job "cashier" conflicts with the vocational expert's testimony regarding the job of cashier. (Tr. 26-27). Defendant requests this remand so the ALJ can resolve the

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

inconsistency.

Additionally, a subsequent Social Security decision, based on a new application filed by Plaintiff, found Plaintiff disabled as of March 21, 2008.  Therefore, the Defendant seeks to remand the case to an ALJ to re-evaluate the evidence, further develop the record, and conduct further proceedings as necessary.

This Court finds this motion is well-taken and should be granted.  The Commissioner's decision is reversed, and this matter is hereby remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.  In addition, the undersigned finds that the Plaintiff's Complaint should be and hereby is dismissed without prejudice.  Plaintiff may still, however, file a motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.  This Court directs the ALJ to make additional findings as set forth in this opinion and as are necessary to fully and adequately develop the record.

A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 1st day of October 2008.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE